<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| RAYMOND KOLOKOWSKI and        DEBORAH KOLOKOWSKI, | : : : | Civil Action No. 05-4257 |
| Plaintiffs, | : : | **OPINION** |
| v. | : : | |
| CROWN EQUIPMENT CORPORATION,        <u>et</u> <u>al</u>., | : : : | |
| Defendants. | : | |

**Appearances:**

    Sal B. Daidone, Esquire
    102 South Burnt Mill Road
    Voorhees Township, NJ 08043
        Attorney for Plaintiffs

    Tiffany M. Alexander, Esquire
    Campbell, Campbell Edwards & Conroy
    Woodbury Crossing
    3 South Broad Street, Suite 2C
    Woodbury, NJ 08096
        Attorney for Defendant Crown Equipment Corporation

    This matter comes before the Court on motion of Plaintiffs Raymond and Deborah Kolokowski to remand [5] the case back to the Superior Court of New Jersey, Law Division, Camden County. For the reasons discussed below, the Plaintiffs' motion will be denied.

**<u>PROCEDURAL HISTORY AND FACTUAL BACKGROUND</u>**

    Plaintiff Raymond Kolokowski filed a Complaint on August 2, 2005, against Defendant Crown Equipment Corporation ("Crown Equipment") and other fictional defendants under a

products liability theory for injuries he sustained at work. On August 29, 2003, Plaintiff Raymond Kolokowski was operating a pallet truck. (Compl. First Count ¶ 11.) Plaintiff alleges that his injuries are the proximate result of the Defendant Crown Equipment's: (1) failure to warn users of the extent of danger resulting from the use, operation and/or cleaning of the machine (Compl. Second Count); (2) failure to install adequate safety devices to prevent injury (Compl. Third Count); (3) breach of warranty (Compl. Fourth Count); and (4) failure to design, manufacture, and/or rebuild a machine that would not injure the user (Compl. Fifth Count).

As a result of Plaintiff Raymond Kolokowski's injuries, he seeks compensatory and punitive damages, attorneys fees, costs of suit and such other and further relief as the Court may deem proper. Further, Plaintiff Deborah Kolokoswki alleges that as a result of her husband Plaintiff Raymond Kolokowski's injuries, she has lost the past, present and future values of his usual services and consortium. She seeks to recover damages, interests, costs of suit, counsel fees and such other relief as the Court may deem equitable and just.

On August 29, 2005, Defendant Crown Equipment removed the action to this Court stating that "[p]laintiff alleges permanent and substantial bodily injuries, loss of function, disfigurement, loss of income, medical expenses and pain and suffering. In addition, plaintiff seeks punitive damages, treble damages, expert fees and attorneys' fees." (Notice of Removal, p. 2.) On September 21, 2005, Plaintiffs moved for this Court to remand the action to the Superior Court of New Jersey.

On November 14, 2005, this Court ordered that Defendant Crown Equipment show cause, in writing, why the Complaint should not be remanded to the Superior Court of New Jersey because it was not clear why Defendant Crown Equipment believed the amount in

controversy exceeded $75,000. In response to said Order, Defendant Crown Equipment submitted the following: (1) a letter verifying a workers compensation lien in the amount of $86,431.12, (Rule to Show Cause, Exhs. A, B); (2) a letter indicating a proposed permanent disability settlement by the workers compensation carrier of $18,600 (Rule to Show Cause, Exh. B); (3) a letter indicating that Plaintiff Raymond Kolokowski suffers a permanent disability (Rule to Show Cause, Exh. C); and (4) a letter indicating that Plaintiff Raymond Kolokowski may require additional medical procedures (Rule to Show Cause, Exh. D).

## DISCUSSION

Plaintiffs argue that the amount in controversy is not satisfied because they filed an Amended Complaint in the New Jersey Superior Court on September 7, 2005, which removed the claims for punitive damages. (Pl. Br., p. 6.) In addition, Plaintiffs argue that the original Complaint did not seek treble damages. (Pl. Br., p. 6.) Defendant Crown Equipment responds that a reasonable reading of Plaintiffs' Complaint establishes that the amount in controversy requirement is met. (Def. Opp., p. 2.) Defendant Crown Equipment also argues that the Amended Complaint filed by the Plaintiffs is deficient because it was filed with the Superior Court of New Jersey after it no longer had jurisdiction and because once diversity jurisdiction is properly established, a reduction in the amount in controversy does not affect jurisdiction.

Removal is governed by 28 U.S.C. § 1441(a). Section 1441(a) states, in pertinent part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending;

28 U.S.C. § 1441(a) (2000). Defendants bear the burden of establishing that the amount in

controversy exceeds $75,000 when the grounds of the Court's jurisdiction rest upon diversity. Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 222 (3d Cir. 1999) ("The burden of establishing the amount in controversy in removal cases rest on the defendant." (citing Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985))).  The Court must determine whether "from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount." Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392 (3d Cir. 2004) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)).

While the Court is mindful of the fact that the removal statutes "are to be strictly construed against removal and all doubts are to be resolved in favor of remand," Boyer v. Sanp-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990 (quoting Steel Valley Auth. v. Union Switch and Signal Div., Am. Standard, Inc., 809 F.2d 1006, 1010 (3d Cir. 1987)), "the amount in controversy is not measured by the low end of an open ended claim, but rather by a reasonable reading of the value of the rights being litigated. Angus v. Shiley, Inc., 989 F.2d 142, 146 (3d Cir. 1993).  Therefore, the Court must determine whether a reasonable jury considering the question of Plaintiffs' losses could set that amount in excess of $75,000. Id.  Finally, it is well-settled that a plaintiff may not, after removal, by stipulation, by affidavit, or by amendment of the pleadings, reduce the amount in controversy to deprive the district court of jurisdiction. Albright v. R.J. Reynolds Tobacco Co., 531 F.2d 132, 135 (3d Cir. 1976) (citing St. Paul Mercury Indem. Co., 303 U.S. at 290-93 (1938) (holding that "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his

volition, do not oust the district court's jurisdiction once it has attached")).

Here, the Court finds that a reasonable jury considering Plaintiffs' losses could set that amount in excess of $75,000.  Defendant Crown Equipment has proffered evidence that the workers compensation lien, by itself, is $86,431.12.  Moreover, Defendant Crown Equipment contends that together with the workers compensation permanent disability settlement and the possibility of future medical expenses, the Plaintiffs' claims far exceed the $75,000 threshold.  Therefore, Defendant Crown Equipment has satisfied its burden of proving that the amount in controversy exceeds $75,000.  Accordingly, Plaintiffs' Motion to Remand [5] will be denied.

/S/  Joseph H. Rodriguez
JOSEPH H. RODRIGUEZ
United States District Judge

Dated: December 6, 2005